NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF POMONA, <br><br>                Plaintiff-Appellant, <br><br> v. <br><br> SQM NORTH AMERICA CORPORATION, <br><br>                Defendant-Appellee. | No.  18-55733 <br><br> D.C. No. <br> 2:11-cv-00167-RGK-JEM <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before:  WARDLAW and LEE, Circuit Judges, and KENNELLY,** District Judge.

The City of Pomona appeals from a jury verdict in favor of SQM North

America Corporation (SQM) on Pomona's strict product liability claim that

fertilizer manufactured by SQM contaminated the city's water supply with a toxic

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

chemical called perchlorate.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for a new trial.

1.     Pomona principally argues that the district court incorrectly instructed the jury on the risk-benefit test used to evaluate design defect claims under California law.  SQM has forfeited its argument that Pomona should have raised this point in its appeal from the first trial because SQM did not argue forfeiture in the district court before the second trial and instead litigated the jury instructions on the merits.[1]  *See Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir. 2004); *see also Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

2.     We review de novo whether a jury instruction "correctly states the law." *Smith v. City & Cty. of Honolulu*, 887 F.3d 944, 951 (9th Cir. 2018).  We conclude that the district court misstated the law when it departed from California's pattern jury instructions and instructed the jury to weigh the risks and benefits of the design of SQM's fertilizer "at the time the product was in use."

Under California law, the jury must determine "through hindsight" whether "the risk of danger inherent in the challenged design outweighs the benefits of such design." *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 430 (1978).  This rule allows

---

[1] SQM's motion for judicial notice of Pomona's brief from the previous appeal is **DENIED** as moot.

2

jurors to consider risks that were not, and could not have been, known to the manufacturer at the time of manufacture. *Kearl v. Lederle Labs.*, 172 Cal. App. 3d 812, 822 (1985) ("Strict products liability . . . in effect imputes to the manufacturer knowledge—as of the time of trial—of any risk posed by his product."), *overruled on other grounds by Brown v. Superior Court*, 44 Cal. 3d 1049, 1061 (1988); *see also Carlin v. Superior Court*, 13 Cal. 4th 1104, 1117 (1996). Thus, the fact that a manufacturer "acted as a reasonably prudent manufacturer would have under the circumstances, while perhaps absolving the manufacturer of liability under a negligence theory, will not preclude the imposition of liability under strict liability principles, if, upon hindsight, the trier of fact concludes that the product's design is unsafe." *Barker*, 20 Cal. 3d at 434.

Instead of allowing the jury to consider modern-day knowledge about the harms posed by perchlorate, as California law permits, the risk-benefit instruction given by the district court restricted the jury to weighing the risks and benefits of the fertilizer "at the time the product was in use"—i.e., the 1930s and 1940s, when it was undisputed that the harmful effects of perchlorate were unknown. This was error.[2]

---

[2] Unlike our dissenting colleague, we see no reason to certify this question to the California Supreme Court. No party has asked for certification, which would only further delay a final resolution of this long-running case. As the dissent acknowledges, multiple California Supreme Court cases contemplate that a manufacturer can be held liable on a design defect theory for harms that could not

3. This error was not harmless. "An error in instructing the jury in a civil case requires reversal" unless the appellee can show that "it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

SQM contends that the jury would have been bound to find in its favor because it was infeasible in the 1930s and 1940s to manufacture fertilizer with lower perchlorate levels. But while the "mechanical feasibility of a safer alternative design" is one factor that can be considered as part of the risk-benefit test, *Barker*, 20 Cal. 3d at 431, the parties presented conflicting factual evidence on this point that must be resolved by the jury at trial. Next, SQM argues that the jury would have been compelled to find that Pomona's claim was barred by the statute of limitations. But in a previous appeal in this case, we held that there is a triable issue of fact on SQM's statute of limitations defense. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1051–53 (9th Cir. 2014). That decision is law of the case, and we see no reason to depart from it here. *United States v. Jingles*, 702 F.3d 494, 499–500 (9th Cir. 2012).

As SQM has failed to carry its burden of establishing harmlessness, we

---

have been foreseen at the time of manufacture in products liability cases. *See Carlin*, 13 Cal. 4th at 1117; *Barker*, 20 Cal. 3d at 434. In applying that rule to the facts before us, we simply take the California Supreme Court at its word.

4

reverse and remand for a new trial.[3]

4.      The case must be retried on all issues.  While Pomona argues that the jury's finding that SQM's fertilizer was a "substantial factor" in causing harm to the city's water supply should be retained, that issue is too intertwined with the issue of damages, which the jury did not reach at the second trial because it found no liability.  *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931) (holding that a partial retrial is appropriate only if it "clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice").  Because both issues require a determination of the extent to which the harm to Pomona's water supply was caused by SQM's fertilizer, as opposed to another source of perchlorate, they should be decided by the same jury.

5.      Because we remand for retrial, we need not reach SQM's arguments regarding Question 1 of the special verdict form.  We note, however, that while the district court's formulation of the special verdict form was within its "complete discretion," *Mateyko v. Felix*, 924 F.3d 824, 827 (9th Cir. 1990), the district court

---

[3] We do not decide whether the district court abused its discretion by refusing to give Pomona's requested curative instructions.  We note, however, that it would be inconsistent with our decision today for SQM to argue at the retrial— as it did at the prior trials—that it should not be held liable because it could not have known of the harms posed by perchlorate at the time the fertilizer was manufactured.

5

is free to modify the special verdict form upon remand as it deems appropriate.

6. Pomona has fallen far short of demonstrating that this is one of the "rare and extraordinary circumstances" that merits invocation of our supervisory authority to order reassignment to a different district judge. *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013). The record shows that Judge Klausner treated both sides "evenhandedly and with respect," *McSherry v. City of Long Beach*, 423 F.3d 1015, 1023 (9th Cir. 2005), and we have no doubts about his ability to impartially preside over further proceedings in this case.

**REVERSED AND REMANDED.**

*Pomona v. SQM*, No. 18-55733
LEE, Circuit Judge, dissenting:

The California Supreme Court's decision in *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413 (1978), is in some ways a conundrum. That decision states that a manufacturer who took "reasonable precautions" cannot escape liability "if, upon *hindsight*, the trier of fact concludes that the product's design is unsafe." 20 Cal. 3d 413, 434 (emphasis added). The majority accordingly holds that jurors can "consider risks that were not, and could not have been, known to the manufacturer at the time of manufacture." And under that rule, SQM in 2020 may be held liable for its use of percholate in the 1930s and 1940s, even though no one at that time knew that its use was harmful.

SQM argues that the use of the word "hindsight" in the opinion merely denotes the "inherently retrospective nature of fact-finding at trial." Perhaps its reading is plausible, though it isn't the most natural or most reasonable interpretation of that word. On the other hand, words in a judicial opinion are not subject to the same exacting scrutiny as those in a statutory text.

Notably, the City conceded at oral argument that it has not located a single California state court ruling — in the forty years since *Barker*'s issuance — that applied *Barker* to hold a party liable based on scientific knowledge that was unknowable at the time of the incident but known at the time of trial.

The majority opinion cites language from *Kearl v. Lederle Labs.*, 172 Cal. App. 3d 812 (1985) and *Carlin v. Superior Court*, 13 Cal. 4th 1104 (1996), that suggest an expansive strict liability doctrine in California akin. But those courts cited that language in ultimately narrowing the scope of strict liability in the context of prescription drugs.

In light of this ambiguity, I believe that this issue should be certified to the California Supreme Court. *See* Cal. R. Ct. 8.548(a). Accordingly, I respectfully dissent.