**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RUSTIN I. SMITH,
*Plaintiff-Appellant*,

v.

CITY AND COUNTY OF HONOLULU,
*Defendant-Appellee.*

No. 14-17309

D.C. No.
1:11-cv-00498-
LEK-RLP

OPINION

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 15, 2018
Honolulu, Hawaii

Filed April 12, 2018

Before: Diarmuid F. O'Scannlain, Richard R. Clifton,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[*]

### Civil Rights

The panel affirmed the district court's judgment, entered following a jury trial, and affirmed the denial of plaintiff's post-trial motions in a 42 U.S.C. § 1983 action alleging that plaintiff's Fourth Amendment rights were violated by Honolulu police officers, when following his arrest on drug charges that were subsequently dropped, he was improperly detained for approximately 47 hours.

The panel held that plaintiff waived any argument that the district court erred in denying his motion for judgment as a matter of law and his motion for a new trial brought pursuant to Fed. R. Civ. P. 50(b) and 60. The panel held that the district court did not abuse its discretion in denying the motion for a new trial brought pursuant to Fed. R. Civ. P. 59. The panel held that because police obtained a probable cause determination within 48 hours following his arrest, plaintiff bore the burden at trial to prove that his detention was unreasonable. The panel agreed with the district court that the jury's verdict that plaintiff was not unreasonably detained was not against the clear weight of the evidence.

The panel held that the district court did not err by rejecting three of plaintiff's proposed jury instructions. The panel determined that the instruction pertaining to a claim for an unreasonable seizure of property was properly rejected because the claim was not presented in plaintiff's complaint.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

A second instruction pertaining to defendants' failure to admit plaintiff to bail was also properly rejected because, among other things, the panel was not persuaded that a jury could have found that bail was unnecessarily delayed after finding that the determination of probable cause was not unreasonably delayed. Finally, the panel held that the district court properly rejected plaintiff's proposed instruction regarding whether plaintiff knew that the drug in his possession was illegal.

The panel held that plaintiff had not established plain error arising from purported attorney and witness misconduct because any improper references made by the attorney and witness were harmless. Finally, the panel held that it was not error for the court to dismiss, with plaintiff's agreement, a juror who had threatened another juror.

## COUNSEL

Eric A. Seitz (argued), Della Au Belatti, and Sarah R. Devine, Honolulu, Hawaii, for Plaintiff-Appellant.

Curtis E. Sherwood (argued), Deputy Corporation Counsel; Donna Y.L. Leong, Corporation Counsel; Department of the Corporation Counsel, Honolulu, Hawaii; for Defendant-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

Plaintiff-Appellant Rustin Smith brought an action under 42 U.S.C. § 1983 alleging that his rights under the Fourth Amendment were violated by police officers employed by Defendant-Appellee City and County of Honolulu. Specifically, he alleged that following his arrest on drug charges that were subsequently dropped, he was improperly detained by the Honolulu police for approximately 47 hours. The case went to trial, and the jury returned a verdict in favor of the City and against Smith. The district court denied Smith's post-trial motion for judgment as a matter of law or a new trial. Smith challenges the denial of his post-trial motion and the rejection of three proposed jury instructions. He also alleges purported misconduct by defense counsel, defense witnesses, and the jury. We affirm.

## I.  Background

On April 6, 2011, Honolulu police obtained a search warrant to open a suspicious package that had been intercepted at the UPS Honolulu facility. The package contained 500 packets of substances labeled "bath salts" and "Spike Max." Initial testing indicated, but did not confirm, that the packets contained a drug called methylenedioxypyrovalerone (MDPV), which was illegal in Hawaii at that time.

Six days later, on Tuesday, April 12, the police made a controlled delivery to Smith's home. At 1:40 p.m., after taking delivery of the package, Smith was arrested without a warrant for knowing possession of a dangerous drug. A few

hours after Smith's arrest, the police effected controlled buys of MDPV at two stores owned by Smith. The police seized evidence from the house and the stores under Hawaii's forfeiture statute, Haw. Rev. Stat. § 712A.

Later that day, a police officer completed a sworn application for a judicial determination of probable cause. A Hawaii state judge later signed a Judicial Determination of Probable Cause for the Extended Restraint of Warrantless Arrestee pertaining to Smith, based on the application. As the determination itself stated, however, that document was not signed until 8:07 a.m. on Thursday, April 14, the second day following the arrest. Ordinarily those documents are submitted to the court and reviewed by a judge by the next morning. The police officer who testified on this subject at trial did not know why the probable cause determination for Smith was delayed an extra day.

Later that morning, the police received a lab report that confirmed that the substances were MDPV and conducted interviews with two of Smith's employees. At 12:25 p.m., the police informed Smith of his rights. Smith invoked his right to an attorney and did not provide a statement. Smith was released at 12:45 p.m. pending further investigation. Smith was never prosecuted on charges related to his arrest.

Smith filed this action in federal district court. In addition to the Fourth Amendment claim under § 1983, Smith also asserted various state law claims. Those state law claims were dismissed by the trial court on the grounds of state law conditional privilege, a decision that has not been appealed. The case proceeded to trial on Smith's § 1983 claim.

During jury deliberations, the court received an emergency phone call indicating that one juror, the foreperson, had physically threatened another juror and yelled at a second. Thereafter the court interviewed jurors individually, in the presence of counsel. Smith's lawyer participated in questioning the jurors. The court counted three jurors who stated that they could not continue to deliberate with the foreperson and a fourth who said she would require security in the room. Smith's attorney agreed with this summary and stipulated, along with the attorney for the City, to the dismissal of the juror in question. The court then dismissed the juror, and the jury began deliberations anew with six, instead of seven, jurors.

After the juror was dismissed, the jury deliberated for another four hours before returning a verdict in favor of the City. As expressed in a special verdict form, the jury concluded that Smith had not proven by a preponderance of the evidence that he was unreasonably detained by the police.

After the trial, Smith's counsel contacted the dismissed juror. The juror purportedly "stated that he was not surprised by the jury's verdict, that jurors had already made up their minds ten minutes after arriving at the jury room, and that those other jurors stated that because Plaintiff was a bad guy, they weren't going to rule for him." Smith submitted this information to the court in a declaration signed by Smith's counsel presented in support of his motion for judgment as a matter of law or a new trial. In his motion, Smith argued that the jury's verdict was against the clear weight of the evidence and that misconduct by defense counsel and witnesses improperly painted Smith as a "bad guy." The court denied the motion. This appeal followed.

## II. Discussion

Smith challenges the denial of his post-trial motion and the rejection of three proposed jury instructions. He also alleges purported misconduct by defense counsel, defense witnesses, and the jury.

### A. Smith's Post-Trial Motion

Following the jury verdict, Smith filed a motion entitled "Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial and/or an Evidentiary Hearing." The motion seeking judgment as a matter of law was brought pursuant to Federal Rule of Civil Procedure 50(b) and the motion for new trial under Rules 59 and 60.

Smith did not file a motion for judgment as a matter of law before the case was submitted to the jury. The City filed such a motion, and Smith submitted an opposition to the City's Rule 50(a) motion in which Smith asked the court to "grant Plaintiff's request for directed verdict." The district court concluded that it could not construe this request as a motion under Rule 50(a) and that, as a result, Smith's post-trial Rule 50(b) motion was precluded because he had not filed a timely Rule 50(a) motion. Before this court, Smith does not assert that the trial court erred by refusing to construe his request as a Rule 50(a) motion. Thus, although he argues generally on appeal that the district court's order denying his motion for judgment and/or new trial should be reversed, Smith has waived any argument that the district court erred in denying his Rule 50 motion for judgment as a matter of law. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

Similarly, Smith does not assert any arguments on appeal in reference to Rule 60. Accordingly, the district court's ruling as to Rule 60 is not before this court. We therefore limit our review to the district court's denial of Smith's Rule 59 motion for a new trial.

## B. Denial of the Motion for New Trial

Smith based his argument for a new trial on the contention that the evidence was insufficient to support the jury's determination that the length of his detention was reasonable. We review for abuse of discretion a district court's denial of a Rule 59 motion for a new trial. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). In reviewing for abuse of discretion, we first look to whether the trial court identified and applied the correct legal rule to the relief requested. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Second, we look to whether the trial court's resolution resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *Id*.

When a suspect is arrested without a warrant, "a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." *Gerstein v. Pugh*, 420 U.S. 103, 113–14 (1975). In order to hold a suspect beyond the brief period required for administrative steps, "the Fourth Amendment requires a judicial determination of probable cause." *Id.* at 114.

The "Fourth Amendment permits a reasonable postponement of a probable cause determination while the

police cope with the everyday problems of processing suspects through an overly burdened criminal justice system." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 55 (1991). A "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement." *Id.* at 56. Thus, when the police obtain a probable cause determination within the 48-hour window, the burden is on the plaintiff to prove that the determination was delayed unreasonably. *Id.* "Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *Id.*

While it is unreasonable to delay a probable cause determination to gather evidence justifying the arrest, the Fourth Amendment "does not prohibit the police from investigating a suspect while the suspect is legally detained." *Kanekoa v. City & Cnty. of Honolulu*, 879 F.2d 607, 612 (9th Cir. 1989). The key distinction is whether the investigation is meant to gather probable cause to justify the arrest. "[I]t is inimical to the fourth amendment for the police to arrest now, and investigate later for probable cause." *Id.*

Smith was detained nearly 43 hours before the police obtained a judicial determination of probable cause. He was released after 47 hours of total detention. Because the police obtained a probable cause determination within 48 hours following his arrest, Smith bore the burden at trial to prove that his detention was unreasonable. *McLaughlin*, 500 U.S. at 56.

The jury concluded that Smith was not unreasonably detained. The jury might have concluded differently, but it

did not.  In denying the motion for new trial, the district court observed that "there was ample evidence that could go either way" on the issue.  We agree with that assessment and agree that the jury's verdict was not against the clear weight of the evidence.

The City provided evidence to the jury regarding the delay in obtaining the judicial determination of probable cause to support Smith's arrest and detention, though it did not pin down the specific cause.  As noted above, a police officer completed the probable cause application the day Smith was arrested, but it was not signed by a judge until the morning of the second day after the arrest.  A major in the police department testified that it was unknown what caused the delay in processing this application.  He explained that the application would go from the officer to the police desk to the sheriff's office to the court clerk to the judge and back, and that "it could have got[ten] lost anywhere along that line." No more specific evidence on the subject was presented to the jury.  An unknown administrative delay is not per se unreasonable.  *See McLaughlin*, 500 U.S. at 55 ("[T]he Fourth Amendment permits a reasonable postponement of a probable cause determination while the police cope with the everyday problems of processing suspects through an overly burdened criminal justice system.").

Smith focused his argument on the fact that the police continued to investigate him during the nearly 48 hours he remained in custody.  But the police may investigate a suspect who is legally detained as long as the investigation is not meant to gather probable cause to justify the arrest.  *See Kanekoa*, 879 F.2d at 612.  The City argued that the probable cause application that was submitted for Smith only stated facts that the police knew when they arrested him.  That

application was signed and sworn to on the day of Smith's arrest, and it was not altered or supplemented with additional evidence gathered following the arrest.[1]

Smith also contended, to the district court and to us, that the delay was unreasonable because it was due to ill will or animus on the part of police officers toward Smith. The jury was not persuaded, and the district court rejected this argument when offered to support the motion for a new trial. The court did not abuse its discretion in doing so. The evidence in the record to support the claim of animus was skimpy at best. Smith did not dispute that the police had obtained a warrant based on probable cause to search the suspicious package that became the subject of the controlled delivery. Nor did he dispute the judicial determination of probable cause made by the state court judge based on information the police had at the time of Smith's arrest. The fact that police officers investigated suspected criminal activity is not powerful evidence of ill will. It was not an abuse of discretion for the district court to deny the motion for a new trial.

## C.  Jury Instructions

Smith challenges the district court's rulings rejecting three of his proposed jury instructions. "We review a district court's formulation of civil jury instructions for an abuse of

---

[1] The parties argue about whether the investigation qualified as being among "administrative steps incident to arrest" permitted by *Gerstein*. *See* 420 U.S. at 113–14. But that is not the right question. Given that the investigation did not delay the probable cause determination, it does not matter whether the investigation could be categorized as an "administrative step."

discretion, but we consider de novo whether the challenged instruction correctly states the law." *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014). "We do not reverse the judgment if the alleged error in the jury instructions is harmless." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1087 (9th Cir. 2005).

First, Smith argues that the district court erred by refusing his proposed instruction asserting a claim for an unreasonable seizure of property. The court determined that Smith had not presented such a claim in his complaint. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). A defendant suffers prejudice if a plaintiff is allowed to proceed with a new theory of recovery after close of discovery. *Id.*

Smith's complaint contained only one constitutional cause of action, entitled "42 U.S.C. § 1983." The paragraphs contained in that cause of action focused on the length of Smith's detention and the allegedly improper "48-hour rule." While Smith's property was mentioned in some paragraphs in the complaint, the references were not enough to put the City on notice that Smith was bringing a claim for an unreasonable seizure of property. Further, the complaint did not raise any argument as to why the application of Hawaii's forfeiture statute, Haw. Rev. Stat. § 712A, violated Smith's federal constitutional rights. Accordingly, the district court did not abuse its discretion in rejecting this instruction.

Second, Smith argues that the court should have given a jury instruction stating that the failure to admit a suspect to bail constituted a violation of state law as well as the suspect's Fourteenth Amendment due process rights. The court had previously granted summary judgment against Smith on his state law claims on the grounds of state law conditional privilege. Smith has not disputed that ruling on appeal. Thus, the sole claim at trial was brought pursuant to § 1983. A "claim for violation of state law is not cognizable under § 1983." *Cornejo v. Cnty. of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007) (citing *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990)). Thus, the court was correct to refuse the instruction to the extent that it asserted a state law violation.

Although there was no available state law claim, state laws can create liberty interests that are subject to protection under the Fourteenth Amendment. Smith argues that Hawaii law created such a protected liberty interest. *See Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Pursuant to the Hawaii Rules of Penal Procedure, an arrested suspect is to be admitted to bail without unnecessary delay. Haw. R. Penal P. 5; *see also State v. Perez*, 141 P.3d 1039, 1044 n.4 (Haw. 2006) (explaining that the "unnecessary delay" standard applies to suspects arrested with or without a warrant). Based upon this Rule, the Supreme Court of Hawaii has held that misdemeanor suspects have a right to release upon payment of bail. *Perez*, 141 P.3d at 1042 ("[A] person arrested for a petty misdemeanor or misdemeanor offense possesses not an absolute right to release, but rather a right to release without unnecessary delay upon payment of bail." (quotation marks omitted)).

We have not found a case indicating that the right applies equally to felony suspects. It could be argued that it does not

apply equally to felony suspects because Hawaii law treats felony suspects differently than misdemeanor suspects for purposes of bail.  *See* Haw. Rev. Stat. § 804-3(a), (b).

We do not need to construe Hawaii law on this issue, however, because Smith was not harmed by the exclusion of this instruction.  The purported right was the right to be admitted to bail "without unnecessary delay."  *Perez*, 141 P.3d at 1044 n.4 (2006).  The jury concluded that Smith's detention was not unreasonably extended before the determination of probable cause.  We are not persuaded that the jury could have found bail unnecessarily delayed after having found that the determination of probable cause was not unreasonably delayed.  Accordingly, we would not reverse the district court as to this instruction even if there were an error. *See Altera Corp.*, 424 F.3d at 1087 (explaining that a harmless error in the jury instructions does not merit reversal).

Third, Smith argues that the court should have instructed the jury that it was not legally permissible to arrest him for possessing MDPV without evidence that he had actual notice that the drug was illegal.  Smith was arrested for a suspected violation of a Hawaii statute which made it a crime to "knowingly" possess, distribute, or manufacture a dangerous drug.  Haw. Rev. Stat. § 712-1241.  The knowledge requirement in criminal statutes can generally be met by knowing possession of an illegal drug, even if the defendant did not know that the drug was listed in a criminal statute. *See, e.g.*, *McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015).  Hawaii law is consistent.  "[M]ere ignorance of the law constitutes no defense to its enforcement." *Office of Disciplinary Counsel v. Au*, 113 P.3d 203, 216  (Haw. 2005) (citation omitted).    Moreover,  Smith's  arrest  required

probable cause, not definitive proof of all elements of the offense. Smith did not dispute that the original search warrant for the package was based on probable cause, that Smith was arrested after opening the package following the controlled delivery, or that the Hawaii court entered a determination that there was probable cause for his arrest based on the affidavit submitted by the police officer.   The district court was therefore correct to reject the proposed instruction.

### D.  Attorney and Witness Statements

Smith challenges certain statements made by defense counsel and witnesses during trial.  Smith did not object to those statements before the case went to the jury.  We review for plain error when a party fails timely to object to attorney argument or witness testimony.  *See Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148 (9th Cir. 2001).  The plain error doctrine authorizes us to correct "only particularly egregious errors that seriously affect the fairness, integrity or public reputation of judicial proceedings."  *United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011) (alterations and internal quotation marks omitted).

Smith fails to cite any improprieties that rise to the level of plain error.  First, City witnesses characterized Smith's house as a warehouse or a storage and distribution center for drugs and testified that Smith was a major drug dealer with a very elaborate drug distribution network.  It was not plain error for the court to allow this testimony absent objection. Second, during closing argument, defense counsel referred to a "tub of additional substances" found on Smith's property, a reference that was not supported by any evidence.  The district court acknowledged that the reference was improper, but the court determined that it was unlikely to have swayed

the jury. We agree and conclude that the reference was harmless. Accordingly, it was not plain error for the court to allow the reference absent objection.

### E.  Juror Dismissal

Smith argues that the district court erred by dismissing a juror who had threatened another juror and yelled at a second juror. We review a district court's dismissal of a juror during deliberations for abuse of discretion. *United States v. Symington*, 195 F.3d 1080, 1085 (9th Cir. 1999). We also review a district court's denial of a motion for a new trial on the asserted ground of juror misconduct for an abuse of discretion. *United States v. LaFleur*, 971 F.2d 200, 206 (9th Cir. 1992).

Smith supported his motion for new trial with a declaration by his attorney reporting hearsay statements by the dismissed juror. As an initial matter, when deciding Smith's motion for a new trial, the district court should not have considered the hearsay declaration. Rule 606 of the Federal Rules of Evidence establishes a no-impeachment rule, prohibiting the use of a juror's statement to attack the validity of a verdict. Rule 606 provides that during an inquiry into the validity of a jury verdict, "a juror may not testify about any statement made or incident that occurred during the jury's deliberations." Fed. R. Evid. 606(b)(1). "The court may not receive . . . evidence of a juror's statement on these matters." *Id.* None of the limited exceptions to the no-impeachment rule apply in this case. *See* Fed. R. Evid. 606(b)(2); *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017).

Even taking the hearsay statement into account, it was not an abuse of discretion for the court to dismiss the juror, nor

was it an abuse of discretion for the court to deny a new trial on the basis of the juror's dismissal. The "district court is in the best position to evaluate the jury's ability to deliberate." *Symington*, 195 F.3d at 1085 (alterations and quotation marks omitted). The district court evaluated the statements and demeanor of each juror. At the time, after hearing from the jurors and participating in their questioning, Smith's attorney stipulated to the dismissal of the juror. Based on these evaluations and the undisputed finding that one juror had threatened another, it was not error for the court to exclude the threatening juror.

Smith points to *Symington*, in which we held that "if the record evidence discloses any *reasonable* possibility that the impetus for a juror's dismissal stems from the juror's views on the merits of the case, the court must not dismiss the juror." *Symington*, 195 F.3d at 1087 (emphasis in original). The hearsay statement did suggest that the jurors had different views on the merits of the case. But given that it was undisputed that the dismissed juror had threatened another juror and that the attorneys for both parties agreed with the dismissal, there was ample support for the district court's conclusion that the juror was dismissed for the threat of violence and not due to his views on the merits. That the jury continued to deliberate for four hours after that juror was dismissed also bolsters the conclusion that the charges against the dismissed juror were not motivated by the desire of other jurors to reach a verdict without him.

## III.    Conclusion

The district court did not err in denying Smith's post-trial motion or in rejecting Smith's proposed jury instructions. Smith has not established plain error with regards to the

purported attorney and witness misconduct. The district court did not err in dismissing, with Smith's agreement, a juror who threatened another juror.

**AFFIRMED.**