**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATHEW ENTERPRISE, INC., a
California Corporation,

          Plaintiff-Appellant,

v.

CHRYSLER GROUP, LLC, a Delaware
limited liability company,

          Defendant-Appellee.

No.   17-16010

D.C. No. 5:13-cv-04236-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted September 10, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

    Mathew Enterprise, Inc. (Enterprise) appeals from the judgment denying its

challenge to two Chrysler Group, LLC (Chrysler) incentive programs as

discriminatory under the Robinson-Patman Act, 15 U.S.C. § 13(a).

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The district court did not err in dismissing Enterprise's challenge to the rental assistance incentive. This Court reviews dismissals under Rule 12(b)(6) *de novo* and views the alleged facts as true and in the light most favorable to the dismissed party. *See Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1221 n.1, 1222 (9th Cir. 2018). "To be subject to the [Robinson-Patman] Act, the disadvantaged recipients (or non-recipients) must be customers of the giver within approximately the same period of time as the award is made to the favored party. . . ." *England v. Chrysler Corp.*, 493 F.2d 269, 272 (9th Cir. 1974) (citations and internal quotation marks omitted). "Where the allowances are awarded at the commencement of business, as in this case, the requirement means that both enterprises must have begun operations at reasonably contemporaneous times." *Id.* In *England*, the Court held a 16-month difference in the commencement of business between two entities too distant to support a discrimination claim under the Robinson-Patman Act. *See id.* As there is a four-year difference in the commencement of business between Enterprise and the allegedly favored party, the court properly dismissed this claim under *England*.

**2.** The district court's instruction regarding functional unavailability under the Robinson-Patman Act was correct, and afforded no plausible basis for a new trial. We review for abuse of discretion a district court's denial of motion for a new trial.

2

*See Smith v. City and Cnty. of Honolulu*, 887 F.3d 944, 949 (9th Cir. 2018). "A district court's formulation of the jury instructions is reviewed for abuse of discretion. If, however, the instructions are challenged as a misstatement of the law, they are then reviewed de novo." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1094 (9th Cir. 2018) (citation and internal quotation marks omitted).

Enterprise's proffered jury instruction was virtually identical to the instruction given by the district court, except for the proposed addition of the concept of evenhandedness. However, the notion of evenhanded treatment is subsumed within the given instruction's requirement of a showing that "the incentives would not have been practically available had [Enterprise] engaged in commercially reasonable efforts to achieve them." *See, e.g., Tri-Valley Packing Ass'n v. F.T.C.*, 329 F.2d 694, 703–04 (9th Cir. 1964) ("[T]he probability of competitive injury due to the fact that the nonfavored buyer paid more for the product is not the result of price discrimination, but of the nonfavored buyer's failure to take advantage of the opportunity, equally available to him, of buying at the same low prices.") (footnote reference omitted). Courts have read this "equal availability" to refer to the accessibility of the discount, not strictly the level of performance to receive it. In any event, Enterprise failed to take commercially reasonable steps to avail itself of the offered incentive.

The district court appropriately allocated the burden of proof. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense," and plaintiff maintains the burden to prove the elements of its claim. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citation omitted). Under the Robinson-Patman Act, a purchaser-plaintiff must establish that the seller has engaged in price discrimination. *See* 15 U.S.C. § 13(a). The court-created doctrine of functional availability essentially negates the discrimination element of the plaintiff's § 13(a) claim. *See* Clinton C. Carter, Kesa M. Johnston, *The Robinson-Patman Act: The Law of Price Discrimination*, 64 ALA. LAW 246, 251 (July 2003) (noting that functional availability exists when an "equivalent price" is available "functionally," "practically," and "realistically" to all purchasers). As the existence of functional availability "demonstrates that plaintiff has not met its burden of proof," the district court's allocation of the burden of proof of price discrimination to plaintiff was not erroneous. *See Zivkovic*, 302 F.3d at 1088.

**AFFIRMED**.