NOT FOR PUBLICATION

FILED

MAY 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRANCE WALKER,

          Plaintiff-Appellant,

  v.

CHARTER COMMUNICATIONS, LLC,

          Defendant-Appellee,

 and

CHARTER COMMUNICATIONS, INC.,

          Defendant.

Nos.  20-16339
        20-17219

D.C. No.
3:15-cv-00556-RCJ-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted May 4, 2022[**]
San Francisco, California

Before:  LEAVY, FERNANDEZ, and SILVERMAN, Circuit Judges.

--------

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Terrence Walker appeals pro se the judgment in favor of Charter Communications, LLC ("Charter") following a jury trial and the district court's denial of his motion for a new trial on his race discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Nevada law.[1] He also appeals the district court's partial grant of his motion to retax costs and its order to destroy an inadvertently produced email. In addition, Walker appeals the district court's striking of his motion for sanctions and to vacate the judgment on his summarily adjudicated retaliation claims under Title VII and Nevada law.[2] We affirm.

The district court did not abuse its discretion in denying Walker's motion for a new trial. *See Smith v. City & County of Honolulu*, 887 F.3d 944, 949 (9th Cir. 2018); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). The district court properly admitted Exhibits 526 and 527 as impeachment evidence to contradict Walker's statements about his temperament, not as inadmissible character evidence. *See United States v. Castillo*, 181 F.3d 1129, 1132–33 (9th Cir. 1999); *Tr. Servs. of Am., Inc. v. United States*, 885 F.2d 561, 569 (9th Cir. 1989). Nor was the evidence unduly prejudicial because any

---

[1] Nev. Rev. Stat. § 613.330.

[2] Nev. Rev. Stat. § 613.340.

20-16339

potential prejudice was ameliorated by the district court's repeated instructions that the jury may only consider the evidence for impeachment. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014).

The district court did not commit reversible error[3] in its instructions to the jury regarding Exhibits 526 and 527. Taken as a whole and viewed in context, the instructions were not misleading and clearly conveyed the limited purpose for which the jury could consider that evidence. *See Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000); *cf. Middleton v. McNeil*, 541 U.S. 433, 437–38, 124 S. Ct. 1830, 1832–33, 158 L. Ed. 2d 701 (2004) (per curiam).

The district court did not abuse its discretion in granting Charter's motion in limine to exclude from evidence the Nevada Department of Employment, Training, and Rehabilitation, Employment Security Division decision granting Walker's claim for unemployment benefits. *See Masson v. New Yorker Mag., Inc.*, 85 F.3d 1394, 1399 (9th Cir. 1996). It was reasonable for it to conclude that any minimal relevance of Charter's decision not to contest Walker's claim for unemployment benefits was outweighed by the unfair-prejudice danger to Charter. *See* Fed. R. Evid. 403; *Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986).

---

[3] *See Dang v. Cross*, 422 F.3d 800, 804–05 (9th Cir. 2005).

The district court did not abuse its discretion in awarding Charter partial costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 n.12 (9th Cir. 2003). The presumption of awarding costs to the prevailing party was sufficient reason to do so. *See* Fed. R. Civ. P. 54(d)(1); *Save Our Valley*, 335 F.3d at 944–45. While it was not required to explain its reasoning for awarding costs, the district court did consider the various factors for denying costs, and found that they were insufficient to overcome the presumption. *See Save Our Valley*, 335 F.3d at 945–46; *cf. Escriba*, 743 F.3d at 1247–48.

The district court did not err[4] in ordering Walker to destroy his copy of a privileged email between Charter and its counsel. The crime-fraud exception to the attorney-client privilege does not apply because Walker has not shown "reasonable cause to believe" that Charter "was engaged in or planning a . . . fraudulent scheme," let alone that the email was in furtherance of it. *In re Grand Jury Proc.*, 87 F.3d 377, 381 (9th Cir. 1996) (internal quotation marks omitted).[5]

---

[4] *See UMG Recording, Inc. v. Bertelsmann AG (In re Napster, Inc. Copyright Litig.)*, 479 F.3d 1078, 1089 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 105 n.1, 114, 130 S.Ct. 599, 604 n.1, 609, 175 L. Ed.2d 458 (2009).

[5] We decline to reconsider the order of the Appellate Commissioner granting Charter's motion to file portions of Volume 7 of the Supplemental Excerpts of Record under seal. 9th Cir. Dkt. No. 20-16339 at 52.

The district court did not abuse its discretion[6] in striking Walker's motion for sanctions and to vacate the judgment on the previously affirmed retaliation claims. At the time Walker filed the motion, his counsel had not withdrawn from representing him before the district court. *See* D. Nev. R. IA 11-6 (a), (b). Moreover, Local Rule IA 11-6 was not misapplied, did not violate Walker's right to proceed pro se, and did not violate public policy. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). Walker's "Motion for Review" of Local Rule IA 11 is denied. 9th Cir. Dkt. No. 20-16339 at 7.

We reject as without merit Walker's remaining arguments. In addition, we decline to consider arguments not raised in Walker's opening brief. *See Pierce v. Multnomah County*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996). Walker's request for judicial notice is denied. 9th Cir. Dkt. No. 20-16339 at 58. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

**AFFIRMED.**

---

[6] *See Pro. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994).