NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

      Plaintiff-counter-
defendant-Appellee,

  v.

KARO DARBINYAN; SONA
DARBINYAN,

      Defendants-counter-
claimants-Appellants.

No. 22-56149

D.C. No.
2:20-cv-09743-JVS-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 5, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Karo and Sona Darbinyan appeal the final judgment following a jury trial in

favor of American General Life Insurance Company. We presume the parties'

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

familiarity with the facts and do not discuss them in detail here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The Darbinyans first argue that the district court should have granted their summary judgment motion because of the language barrier their mother, Hasmik Hadajyan, faced when completing her life insurance application. Whether this language barrier impacted Ms. Hadajyan's understanding of the insurance application or policy was an issue decided at trial, so the Darbinyans' argument amounts to a factual challenge that can only be assessed based on the trial record. *See Dupree v. Younger*, 598 U.S. 729, 734-35 (2023) ("Fact-dependent appeals must be appraised in light of the complete trial record."). However, because the Darbinyans did not raise a post-trial motion under Rule 50 of the Federal Rules of Civil Procedure, there is no "lower court decision to review" and therefore we are "powerless" to review this portion of the Darbinyans' appeal. *Id.*

2. The Darbinyans next argue that the district court erred when finding at summary judgment that Ms. Hadajyan made material misrepresentations in her application, and that American General did not breach its duty of good faith and fair dealing. "We review *de novo* the district court's ruling on cross-motions for summary judgment," *Equal Emp. Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 921 (9th Cir. 2018), and apply California substantive law because the basis for jurisdiction in the district court was diversity jurisdiction. *Hawthorne Sav. F.S.B. v.*

*Reliance Ins. Co.*, 421 F.3d 835, 841 (9th Cir. 2005).

California law requires that each party to an insurance contract "communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract . . . ." Cal. Ins. Code § 332; *Thompson Occidental Life Ins. Co.*, 513 P.2d 353, 360 (Cal. 1973) ("It is generally held that an insurer has a right to know all that the applicant for insurance knows regarding the state of his health and medical history."). The record shows that Ms. Hadajyan made misrepresentations when filing out her application and when she failed to notify American General of changes to her answers after certain medical appointments and tests. For example, the application asked whether Ms. Hadajyan had "been advised to see a specialist," had "a pending medical appointment," and had "any test results pending." Ms. Hadajyan answered "No" to each of these questions. But Ms. Hadajyan's medical records reveal a May 2018 doctor's appointment and a subsequent June 2018 abdominal ultrasound showing that she was indeed "advised to see a specialist." Also, Ms. Hadajyan did not notify American General of a November 2018 appointment with her primary care physician or a November 2018 CT scan. These omissions rendered inaccurate Ms. Hadajyan's answers that she had no pending appointments or test results. *See* Cal. Ins. Code § 330.

Contrary to the Darbinyans' argument, the district court did not draw inferences in favor of American General. The May and June 2018 medical records

are convincing evidence that Ms. Hadajyan was advised to see a specialist, and the Darbinyans did not "produce evidence" to raise a genuine dispute of this fact. *See Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). Further, the application required that Ms. Hadajyan notify American General "of any changes in the statements or answers given in the application between the time of application and delivery of any policy." Ms. Hadajyan's failure to do so rendered her answers about pending medical appointments and test results untruthful notwithstanding her belief that the November 2018 appointments were not "material changes to her health" or that she was otherwise in "good health."

The district court also correctly determined that these misrepresentations were material to American General's decision to issue Ms. Hadajyan's policy. *See* Cal. Ins. Code §§ 334, 360. American General's specific questions about Ms. Hadajyan's pending medical appointments, test results, and specialty referrals were prima facie "proof that it deemed the answers material." *Cohen v. Penn Mut. Life Ins. Co.*, 312 P.2d 241, 244 (Cal. 1957); *see also Thompson*, 513 P.2d at 360 ("The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law."). Moreover, American General introduced evidence that "truthful disclosure" by Ms. Hadajyan would have changed its underwriting decision. *See Holz Rubber Co., Inc. v. Am. Star Ins. Co.*, 533 P.2d 1055, 1064 (Cal. 1975). Even if "the trier of fact is not

required to believe the 'post mortem' testimony of an insurer's agents that insurance would have been refused had the true facts been disclosed," *Thompson*, 513 P.2d at 360, American General's declaration and supporting evidence "satisfied the elements of section 334" of California's Insurance Code. *Nieto v. Blue Shield of Cal. Life & Health Ins. Co.*, 103 Cal. Rptr. 3d 906, 920 (Cal. Ct. App. 2010). Further, the Darbinyans' proffered expert declaration only referenced the May and June 2018 appointments and not the November 2018 appointments, so was insufficient to create a genuine dispute as to whether American General would have declined to issue the policy had it known Ms. Hadajyan's "true and complete health history."

Finally, the Darbinyans' argument that American General acted in bad faith is unavailing. American General asserted that, considering the "totality" of Ms. Hadajyan's medical records, it would have declined to issue the policy based on information that existed "before the Policy was issued and/or delivered." The Darbinyans do not raise a genuine dispute of this fact. *Sonner*, 911 F.3d at 992.

3. The Darbinyans' raise three issues regarding the district court's jury instructions, each of which fails. We review a district court's formulation of civil jury instructions for abuse of discretion, *Smith v. City & Cnty. of Honolulu*, 887 F.3d 944, 951 (9th Cir. 2018), but review de novo "whether the challenged instruction correctly states the law." *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014). Jury instructions that improperly allocate the burden of proof "would be errors at

law" and are reviewed de novo. *Snapp v. United Transp. Union*, 889 F.3d 1088, 1094-95 (9th Cir. 2018).

First, the district court correctly placed the burden of proof on American General to show that Ms. Hadajyan was "aware of her material misrepresentations." Instruction No. 17 plainly stated that "American General must prove . . . [t]hat Hasmik Hadajyan understood the questions on the application."

Second, the district court properly declined to "specifically list" which of Ms. Hadajyan's answers on the life insurance application constituted misrepresentations. The specific misrepresentations made by Ms. Hadajyan were not at issue before the jury; the triable issues centered on Ms. Hadajyan's possible language barrier and whether Armen Barsegyan—who had helped Ms. Hadajyan fill out the application— acted as an agent of American General when he spoke to Karo Darbinyan on November 27. The court's decision was therefore not "misleading" and was unrelated to either party's "theory of the case."

Third, the district court accurately instructed the jury on the law of agency. Contrary to the Darbinyans' argument, the district court did not determine that Mr. Barsegyan was American General's agent *at all times*. The district court explicitly held at summary judgment that there were disputes of fact whether Mr. Barsegyan "was acting as an agent of American General when he made the call to Karo Darbinyan" because "Mr. Barsegyan testified that in addition to American General,

22-56149

he was an appointed agent for 'lots of companies.'" Accordingly, the district court properly instructed the jury that it should "focus on the specific act or acts of Armen . . . which the Darbinyans are seeking to attribute to American General."

The judgment of the district court is **AFFIRMED**.