NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STRONG TRADING, INC., a California Corporation, | No. 22-55759 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:21-cv-04206-RGK-PVC |
| v. | MEMORANDUM* |
| UNIQUE DESIGNS, INC., a New Jersey Corporation, DBA SDIL Kiran Jewels, | |
| Defendant-counter-claimant-Appellant, | |
| v. | |
| KURT CHEN, an individual, | |
| Counter-defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 14, 2024**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and CALLAHAN, Circuit Judges, and LASNIK,*** District Judge.

Unique Designs, Inc. appeals the district court's denial of its motion for judgment as a matter of law and motion for a new trial following a jury verdict finding Unique Designs liable for damages in the amount of $369,441.12. We presume the parties' familiarity with the facts and accordingly we do not discuss them in detail here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's denial of a motion for judgment as a matter of law. *Colony Cove Properties, LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). In doing so, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Id.* "Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Id.* (citations and quotations omitted). "We review for abuse of discretion a district court's denial of a Rule 59 motion for a new trial." *Smith v. City and Cnty. of Honolulu*, 887 F.3d 944, 949 (9th Cir. 2018). "The district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support

***    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

of the verdict." *Molski v. J.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). Here, Unique Designs was not entitled to judgment as a matter of law, and the district court did not abuse its discretion in denying Unique Designs' motion for a new trial.

1. Unique Designs argues that Strong Trading cannot establish its breach of contract claim because there is no evidence showing that Strong Trading was harmed by the nonpayment of invoices. According to Unique Designs, Strong Trading was not harmed because all the disputed invoices were sent from Strong Jewelry (H.K.) Co., Ltd., and all payment was required to be remitted to Strong Jewelry.

This argument fails because the evidence at trial showed that payments sent to Strong Jewelry were actually paid to Strong Trading. Indeed, Strong Trading's CFO, Amy Chu, testified that, prior to September 2020, Unique Designs remitted nearly $2 million to Strong Trading through Strong Jewelry. Chu explained that the contract required invoices for international shipments to be printed on Strong Jewelry letterhead, and payments to be remitted to Strong Jewelry, because of customs laws and regulations, *see* 18 C.F.R. § 141.86, but that invoices were still "issued from" Strong Trading. Strong Jewelry simply helps Strong Trading with shipping jewelry into the United States. So, while Strong Jewelry might print out the final invoice, ship the merchandise, and receive the initial payment, it is still Strong Trading that receives final payment. Unique Designs even concedes that

"[Strong Trading] surely made money off of sales from Strong Jewelry to customers." It follows that Unique Designs' nonpayment of invoices to Strong Jewelry did in fact harm Strong Trading.

2. Unique Designs next cites to California Code of Civil Procedure § 367 to argue that Strong Trading is not "the real party in interest" and thus does not have standing to sue. Section 367, which is concerned with a party asserting the "rights or interests belonging solely to others," is inapplicable here. *See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 856 (Cal. 2016). Here, Unique Designs entered a contract with Strong Trading (and not Strong Jewelry). Further, even though invoices were sent on Strong Jewelry letterhead, the underlying contract provides that "[i]f payment duties are not fulfilled, Strong Trading (Chong Chong Jewelry Group) reserves the right to take legal action or appoint for debt collect agency to resolve the matter." Strong Trading is therefore asserting its own "rights and interests" arising under this contract and has standing to sue. *See Shulman v. Kaplan*, 58 F.4th 404, 408 (9th Cir. 2023) (holding that an injury in fact may be "one arising out of contract"). It is for these very same reasons that Unique Designs' res judicata concerns are unfounded. The contract at issue explicitly provides that Strong Trading (and not Strong Jewelry) has the right to sue for nonpayment, and the contract provides that it is for "transacting business between [Unique Designs] and Strong Trading." Accordingly, Strong Jewelry would have no right to enforce

the terms of the contract as there is no indication that the "motivating purpose" of the contract was for the benefit of a third party. *See Goonewardene v. ADP, LLC*, 434 P.3d 124, 132-34 (Cal. 2019). The district court properly entered judgment in favor of Strong Trading in the exact amount that Strong Trading demanded.

**AFFIRMED**.