NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID FINK,<br><br>      Plaintiff - Appellant,<br><br>   v.<br><br>SARKIS OHANNESSIAN, Chief Deputy Sheriff; JOHN MCMAHON, Former Sheriff; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; EDWARD BACHMAN, Internal Affairs Lieutenant,<br><br>      Defendants - Appellees. | No. 24-1372<br><br>D.C. No.<br>5:21-cv-01124-CAS-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 5, 2026[**]

Before: BENNETT, BADE, and SUNG, Circuit Judges.

Plaintiff David Fink appeals the district court's dismissal of his action

against the San Bernadino County Sheriff's Department ("SBCSD") and its

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

employees for the alleged unlawful seizure of Fink's funds following his arrest. Fink brought the following claims under 42 U.S.C. § 1983 and state law: deprivation of property without due process of law, failure to train and supervise subordinates, failure to investigate complaints, and fraud on the court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a dismissal for failure to state a claim de novo and a denial of leave to amend for abuse of discretion. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 572-73 (9th Cir. 2020). We review a district court's decision to decline supplemental jurisdiction over state law claims for abuse of discretion. *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022).

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citation omitted). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

1. Fink failed to state a claim for a deprivation of property without due

process of law. He alleged that Defendant Ohannesian, SBCSD's Chief Deputy Sheriff, violated California's Criminal Profiteering Act when he seized Fink's assets. But a "violation of state law is not cognizable under § 1983." *Smith v. City & Cnty. of Honolulu*, 887 F.3d 944, 952 (9th Cir. 2018). Fink's pleadings make a passing reference to the Fourth and Fourteenth Amendments, but he provides no facts beyond conclusory allegations to raise a constitutional claim of deprivation of property without due process.

2. Because Fink did not sufficiently allege a constitutional violation, his *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) claims against SBCSD necessarily fail. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (establishing a *Monell* claim requires showing that the plaintiff "possessed a constitutional right of which he was deprived" based on a municipal policy); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802-03 (9th Cir. 2018).

3. The district court correctly dismissed the claims against Defendants McMahon and Bachman in their individual capacities because Fink only conclusorily claimed that they failed to train and supervise subordinates, and he did not allege specific facts of any alleged constitutional violation. *See Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (the court need not "accept as true … allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

24-1372

4. The district court correctly dismissed Fink's fraud on the court claim. Fink did not identify a judgment that he seeks to vacate for fraud.[1] *See United States v. Est. of Stonehill*, 660 F.3d 415, 443-44 (9th Cir. 2011).

5. The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Fink's remaining state law claims under 28 U.S.C. § 1367(c)(3) because it properly dismissed his federal claims. *See City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010).

6. A district court does not abuse its discretion in denying leave to amend when amendment would be futile. *In re Cloudera, Inc.*, 121 F.4th 1180, 1189-90 (9th Cir. 2024). Although we generally permit amendment with "extreme liberality, … when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citations and quotation marks omitted). Because the court provided Fink multiple chances to amend, and Fink failed to cure the deficiencies in his pleadings through amendment, we find no abuse of discretion.

**AFFIRMED.**

---

[1] Defendants further argue that Fink's claims are untimely. The district court did not reach this issue, and we decline to consider it because doing so is not necessary to our resolution of this appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1967) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").