NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WHISPER LAKE DEVELOPMENTS, INC.,

        Plaintiff - Appellant,

  v.

MATTHEW MAHAFFIE; MARK PERSONIUS; GARRETT SMITH; JON-PAUL SHANAHAN; ERIN PAGE; AMY KEENAN; THOMAS BRISSENDEN; and WHATCOM COUNTY,

        Defendants - Appellees,

and

SKAGIT HIGHLAND HOMES, LLC; MTT CONSTRUCTION, LLC; MTT HOLDINGS, INC.; THOMAS L. TOLLEN III; and MORGAN TOLLEN LINDBERG,

        Defendants.

No. 25-2652

D.C. No. 2:24-cv-01909-BJR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 22, 2026[]
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Plaintiff-Appellant Whisper Lake Developments, Inc. ("Whisper Lake") brought this Section 1983 lawsuit alleging constitutional violations under the Fourteenth Amendment's Due Process Clause and Fifth Amendment's Takings Clause by Whatcom County ("County") and, in their official and personal capacities, County officials Matthew Mahaffie, Mark Personius, Garrett Smith, Jon-Paul Shanahan, Erin Page, Amy Keenan, and Thomas Brissenden (collectively, "County Defendants").[1] Whisper Lake appeals the district court's dismissal of its federal claims and denial of leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's dismissal of a complaint for failure to state a claim . . . . On review, we accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) *(*citation omitted). "We review the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Whisper Lake also brought state law claims against County Defendants as well as Skagit Highland Homes, LLC; MTT Construction, LLC; MTT Holdings, Inc.; Thomas L. Tollen, III; and Morgan Tollen-Lindberg (collectively, "MTT Defendants"). Whisper Lake settled with MTT Defendants, so MTT Defendants have been dismissed from this appeal (Dkt. 87).

denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 534 (9th Cir. 2022) (citation omitted). Leave to amend is properly denied as futile if "the complaint could not be saved by any amendment." *Id.* at 541 (citation omitted).

1.     As a preliminary matter, the district court did not abuse its discretion by considering exhibits attached to the First Amended Complaint ("FAC") because "material which is properly submitted as part of the complaint may be considered" in deciding a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Additionally, the district court was "not . . . required to accept as true allegations that contradict exhibits" attached to the FAC. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

2.     Both the Fourteenth Amendment's Due Process Clause and Fifth Amendment's Takings Clause require Whisper Lake to adequately allege a constitutionally protected property right. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)). "To state a claim under the Takings Clause, . . . the plaintiff must own 'private property' as contemplated under the Takings Clause." *Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1139 (9th Cir. 2024).

Whisper Lake argues that it has constitutionally protected property interests in the following: (1) the Division B property, (2) the preliminary plat for Division B; and (3) its contractual entitlement to payment for 108 lots under the Vacant Land Purchase and Sale Agreement and Delayed Profit Addendum for Division B ("PSA/DPA"). We address each in turn.

A.   *Division B Property*

Whisper Lake argues that it retains a constitutionally protected property interest in the Division B property because the PSA/DPA qualifies as a real property installment sales agreement ("RISA"). A RISA is a type of real estate contract under which the seller (in this case, Whisper Lake) retains legal title to the property and therefore has a limited property interest in the real estate. RCW § 61.30.010(1) ("'[R]eal estate contract' means any written agreement for the sale of real property in which legal title to the property is retained by the seller . . . ."). Whisper Lake cannot show that the PSA/DPA is a RISA because Whisper Lake conveyed legal title to the Division B property to Skagit Highland Homes, LLC ("SHH").

Whisper Lake nevertheless alleges that the parties intended the PSA/DPA to constitute a RISA. However, Washington follows the objective manifestation theory of contracts, and so we must "impute an intention corresponding to the reasonable meaning of the words used," rather than focusing on the "unexpressed

4

subjective intent of the parties." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005). The PSA/DPA provides for title to be conveyed by statutory warranty deed, and Whisper Lake conveyed title to the Division B property to SHH by statutory warranty deed. At bottom, nothing in the contract indicates that the parties intended the PSA/DPA to operate as a RISA. Thus, Whisper Lake does not retain a property interest in Division B.

### B. Preliminary Plat

Next, Whisper Lake argues that it has a property interest in the preliminary plat for Division B because it obtained the preliminary plat. Under Washington state law, "land use permit rights run with the land, and are not personal to the person who obtained the permit." *Mangat v. Snohomish Cnty.*, 308 P.3d 786, 789 (Wash. Ct. App. 2013). Whisper Lake sold any property interest in the preliminary plat to SHH along with the land when Whisper Lake sold Division B to SHH. Therefore, Whisper Lake does not have a property interest in the preliminary plat.

### C. Contractual Entitlement to Payment under PSA/DPA

Finally, Whisper Lake argues that it has a property interest in its contractual entitlement to payment for 108 lots under the PSA/DPA. To have a "legitimate claim of entitlement" protected by the Due Process Clause, a person "must have more than an abstract need or desire for" and "more than a unilateral expectation of" a benefit. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

5

The PSA/DPA's plain language shows that Whisper Lake did not have a "legitimate claim of entitlement" protected by the Due Process Clause to payment for 108 lots. The PSA/DPA explicitly and repeatedly acknowledges that the County may approve fewer than 108 lots. For example, the PSA/DPA states that "Buyer and Seller are aware the lot count may change from the preliminarily approved 108 lots, subject to review by Whatcom County." Therefore, Whisper Lake has not shown that it has a "legitimate claim of entitlement" to be paid for 108 lots under the PSA/DPA as required by the Due Process Clause. *Id.*

Under the Takings Clause, a "legally recognizable property interest" must be "sufficiently 'vested'" to constitute "private property." *Zeyen*, 114 F.4th at 1140-41. "To determine whether a property interest has vested for Takings Clause purposes, the relevant inquiry is the certainty of one's expectation in the property interest at issue," and this inquiry requires "a high threshold of certainty." *Id.* at 1141-42. Private property under the Takings Clause has a "narrower meaning than in other legal contexts," including "compared to the Due Process Clause of the Fourteenth Amendment." *Id.* at 1141. Because Whisper Lake has failed to show that it has a "legitimate claim of entitlement" under the Due Process Clause, Whisper Lake necessarily cannot meet the higher standard for protection under the Takings Clause. *Id.* at 1140-42. Accordingly, Whisper Lake does not have a

property interest in a contractual entitlement to payment for 108 lots under the Takings Clause.

3. The district court did not abuse its discretion by dismissing Whisper Lake's Takings Clause and Due Process Clause claims without leave to amend. To show that it has a constitutionally protected property interest, Whisper Lake had to plead facts showing some definite, legally secured post-sale entitlement. There are no conceivable facts consistent with the FAC that could make such a showing. "[T]he amended complaint may only allege 'other facts consistent with the challenged pleading.'" *Reddy v. Litton Indus.*, 912 F.2d 291, 296-97 (9th Cir. 1990).[2]

4. The district court did not err by failing to infer a claim that County Defendants violated the Contracts Clause under Article I, Section 10 of the Constitution. Mere mention of Whisper Lake's contractual rights is not sufficient to put the County Defendants on notice that Whisper Lake was bringing a claim under the Contracts Clause. *Cf. Smith v. City & Cnty. of Honolulu*, 887 F.3d 944,

---

[2] Whisper Lake argues that the district court erred by failing to provide leave to amend to plead facts showing that SHH acted under color of state law. This court has dismissed MTT Defendants, including SHH, from this appeal pursuant to a stipulated motion from Whisper Lake and MTT Defendants (Dkt. 87). Therefore, Whisper Lake's arguments regarding SHH's potential liability are moot. Moreover, even assuming SHH qualified as a state actor, this does not help Whisper Lake demonstrate that it has a constitutionally protected property interest. Thus, this amendment would be futile.

952 (9th Cir. 2018) (mere mention of property in the complaint in a Section 1983 case did not give defendant fair notice of a claim for unreasonable seizure of property). The FAC does not reference the Contracts Clause of Article I or otherwise indicate that Whisper Lake was making a Contracts Clause claim, and instead clearly alleges nine other causes of action. "[C]ourts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citation omitted).

5.     The district court did not abuse its discretion by failing to provide leave to amend to plead a Contracts Clause claim because a Contracts Clause claim would be futile. In determining whether the state has violated the Contracts Clause, "[t]he threshold inquiry is whether the state law has, in fact, operated as a substantial impairment of a contractual relationship." *Energy Rsrvs. Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411 (1983) (citation modified). "An impairment of a public contract is substantial if it . . . defeats the expectations of the parties . . . ." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 890 (9th Cir. 2003). A "state regulation that restricts a party to gains it reasonably expected from the contract does not necessarily constitute a substantial impairment." *Energy Rsrvs. Grp.*, 459 U.S. at 411. Because the PSA/DPA shows that the parties reasonably expected the County to approve anywhere between 70 and 108 and the

8

County approved 88 lots, Whisper Lake cannot plead that the County substantially impaired the PSA/DPA.

6. Whisper Lake requests that this court take judicial notice of 17 additional documents and argues that the district court's denial of leave to amend constitutes an extraordinary circumstance that justifies the court considering documents outside the record. However, none of the documents offered shows that Whisper Lake has a constitutionally protected property interest. Because the additional materials are not relevant, we deny Whisper Lake's motions to supplement the record and for judicial notice (Dkt. 54, 65, and 76). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 n.5 (9th Cir. 2018) ("An irrelevant fact could hardly be an adjudicative fact." (internal quotation marks and citation omitted).[3]

**AFFIRMED.**

---

[3] County Defendants' motion to strike brief or portion of brief relying on evidence not in the record is denied as moot (Dkt. 53) because Whisper Lake has since filed a replacement reply brief that omitted references to evidence not in the record (Dkt. 62). Whisper Lake's motions for leave to file enlarged reply briefs to County Defendants' and MTT Defendants' responses to Whisper Lake's second motion to supplement the record and Whisper Lake's motion for judicial notice are granted (Dkt. 81 and 83). 9th Cir. R. 32-2(b).